## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CARLOS JUNIOR GOMEZ
CUMARE,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC; TRANS UNION
LLC; FIFTH THIRD BANK, N.A.;
and U.S. BANK N.A.,

     Defendants.

## COMPLAINT AND DEMAND FOR J URY TRIAL

COMES NOW Plaintiff, CARLOS JUNIOR GOMEZ CUMARE (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), TRANS UNION LLC (hereinafter "Trans Union"); FIFTH THIRD BANK, N.A. (hereinafter "Fifth Third"); and U.S. BANK N.A. (hereinafter "US Bank") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Equifax and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.   Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.   Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.   Venue is proper in this District as Plaintiff is a natural person and resident of Lee County, Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.   Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.   Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.   Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.    Fifth Third is a corporation with its principal place of business in the State of Ohio and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Fifth Third is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.    Fifth Third furnished information about Plaintiff to Equifax and Trans Union that was inaccurate.

19.    US Bank is a corporation with its principal place of business in the State of Minnesota and is authorized to do business in the State of Florida through its

registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

20.     US Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     US Bank furnished information about Plaintiff to Equifax and Trans Union that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is alleged to owe a debt to Fifth Third, partial account number ending in x4293, as to an automobile loan (hereinafter "Fifth Third Account"). Plaintiff never applied or gave permission to anyone to apply using his information for the Fifth Third Account.

23.     Plaintiff is alleged to owe a debt to US Bank, partial account number ending in x6749, as to an automobile loan (hereinafter "US Bank Account"). Plaintiff never applied or gave permission to anyone to apply using his information for the US Bank Account.

24.     Upon information and belief, Plaintiff is a victim of identity theft.

25.     In or about March 2024, Plaintiff attempted to purchase a new car and was advised he was approved for a loan with a high interest rate of 15%. Believing he had a credit score of approximately 750, Plaintiff inquired as to the high interest

rate, and Plaintiff was advised it was due to four (4) automobile loans in his name and a credit score of below 650.

26.     Shortly thereafter, Plaintiff reviewed his credit reports and became aware of two (2) automobile loans, the Fifth Third Account and US Bank Account, appearing in his credit file which did not belong to him.

27.     On or about March 27, 2024, and April 1, 2024, Plaintiff received toll-by-plate invoices from the Florida Department of Transportation ("FDOT") for the two (2) fraudulent vehicles which were registered under Plaintiff's name with his personal identifying information.

28.     On or about April 6, 2023, Plaintiff filed a police report with the Cape Coral Police Department regarding the fraudulent activity and identity theft.

29.     On or about April 15, 2024, Plaintiff obtained a copy of his Trans Union credit report and observed hard inquiries which did not belong to him. Further, Plaintiff observed the Fifth Third Account was reported with a balance of $50,994, and the US Bank Account was reported with a balance of $75,071.

30.     Due to the inaccurate report, on or about April 23, 2024, Plaintiff submitted online a detailed dispute letter to Trans Union, and on or about April 24, 2024, Plaintiff submitted online a detailed dispute letter to Equifax. In the letter, Plaintiff explained he was a victim of identity theft and that there were hard inquiries appearing in his credit report which did not belong to him. Further, Plaintiff advised

that the Fifth Third Account and US Bank Account were fraudulent and did not belong to him. To confirm his identity, copies of his driver's license, US employment authorization card, and Social Security card were included in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the FDOT invoices, and a copy of the filed police report with the Cape Coral Police Department.

31.    On or about May 17, 2024, Plaintiff received dispute results from Equifax which stated the US Bank Account was verified as accurate. Plaintiff did not receive dispute results as to the Fifth Third Account. However, upon review of his updated Equifax credit report, Plaintiff observed the Fifth Third Account continued to be reported.

32.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

33.    Equifax never attempted to contact Plaintiff during the alleged investigation.

34.    Upon information and belief, Equifax notified Fifth Third of Plaintiff's dispute. However, Fifth Third failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

35.    Upon information and belief, Equifax notified US Bank of Plaintiff's dispute. However, US Bank failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

36.     On or about May 17, 2024, Plaintiff received dispute results from Trans Union which stated Plaintiff's personal identifying information was updated. Further, the results stated the Fifth Third Account was verified as accurate. Plaintiff did not receive dispute results as to the US Bank Account.

37.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

38.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

39.     Upon information and belief, Trans Union notified Fifth Third of Plaintiff's dispute. However, Fifth Third failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

40.     Due to the continued inaccurate reporting, on or about June 4, 2024, and June 11, 2024, Plaintiff submitted online a detailed dispute letter to Equifax, and on or about June 5, 2024, Plaintiff submitted online a detailed dispute letter to Trans Union. In the letter, Plaintiff reiterated he was a victim of identity theft and that there were hard inquiries appearing in his credit report which did not belong to him. Further, Plaintiff advised that the Fifth Third Account and US Bank Account were

fraudulent and did not belong to him. To confirm his identity, copies of his driver's license, US employment authorization card, and Social Security card were included in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the FDOT invoices, images of the retail installment sale contract with his forged signature, a copy of the filed police report with the Cape Coral Police Department, and other supporting documents.

41.    On or June 7, 2024, Plaintiff received dispute results from Equifax which stated the US Bank Account was removed. Plaintiff did not receive dispute results as to the Fifth Third Account. However, upon review of his updated Equifax credit report, Plaintiff observed the Fifth Third Account had also been removed.

42.    Despite confirmation of delivery, Plaintiff did not receive dispute results from Trans Union. Upon review of his updated Trans Union credit report, Plaintiff observed the US Bank Account had been removed. However, the erroneous Fifth Third Account continued to be reported in his Trans Union credit report.

43.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

44.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

45.    Upon information and belief, Trans Union notified Fifth Third of Plaintiff's dispute. However, Fifth Third failed to conduct a reasonable investigation

and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

46.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, Trans Union continues to inaccurately report the fraudulent Fifth Third Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

47.     Trans Union has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

48.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

49.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.  Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.   Reduction in credit score;

v.   Loss of the ability to benefit from lower interest rates;

vi.   Apprehensiveness to apply for new credit due to the fear of rejection; and

vii.   The high balances of $50,994 and $75,071 negatively affected Plaintiff's debt-to-income ratio.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

50.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

51.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

52.   Equifax allowed multiple Furnishers to report fraudulent and erroneous accounts to Plaintiff's credit file.

11

53. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

54. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

55. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

56. Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the Cape Coral Police Department, which contained sworn testimony of the fraud.

57. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

58. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

59. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

60.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

61.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

62.    Equifax allowed multiple Furnishers to report fraudulent and erroneous accounts to Plaintiff's credit file.

63.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

64.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

65.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

66.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the Cape Coral Police Department, which contained sworn testimony of the fraud.

67.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

69.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award

14

Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

70.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

71.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

72.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

73.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to

conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

74. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

76. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

77.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

78.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

79.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

80.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

81.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

82.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

83.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

84.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

85.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

86.     Trans Union allowed multiple Furnishers to report fraudulent and erroneous accounts to Plaintiff's credit file.

87.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

88.     Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

89.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

90.     Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the Cape Coral Police Department, which contained sworn testimony of the fraud.

91.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

92.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

93.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

94.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

95.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

96.     Trans Union allowed multiple Furnishers to report fraudulent and erroneous accounts to Plaintiff's credit file.

97.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

98.     Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

99.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

100.    Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed police report with the Cape Coral Police Department, which contained sworn testimony of the fraud.

101.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

102.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

103.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

104.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

105.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

106.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

107.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

108.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

109.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

110.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
#### Violation of 15 U.S.C. § 1681i as to
#### Defendant, Trans Union LLC (Willful)

111.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

112.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

113.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

114.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

115.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

116.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

117.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
**Violation of 15 U.S.C. § 1681 s-2(b) as to
Defendant, Fifth Third Bank, N.A. (Negligent)**

118.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

119.  Fifth Third furnished inaccurate account information to Equifax and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

120.  After receiving Plaintiff's disputes, Fifth Third violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

121.  Plaintiff provided all the relevant information and documents necessary for Fifth Third to have identified that the account was fraudulent.

122.  Fifth Third did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Fifth Third by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

123.   Fifth Third violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

124.   As a direct result of this conduct, action, and/or inaction of Fifth Third, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

125.   The conduct, action, and inaction of Fifth Third was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

126.   Plaintiff is entitled to recover costs and attorney's fees from Fifth Third in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual damages against Defendant, FIFTH THIRD BANK, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT X
## Violation of 15 U.S.C. § 1681 s-2(b) as to
## Defendant, Fifth Third Bank, N.A. (Willful)

127.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

128.   Fifth Third furnished inaccurate account information to Equifax and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

129.   After receiving Plaintiff's disputes, Fifth Third violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

130.   Plaintiff provided all the relevant information and documents necessary for Fifth Third to have identified that the account was fraudulent.

131.   Fifth Third did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Fifth Third by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further,

even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

132.   Fifth Third violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

133.   As a direct result of this conduct, action, and/or inaction of Fifth Third, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

134.   The conduct, action, and inaction of Fifth Third was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

135.   Plaintiff is entitled to recover costs and attorney's fees from Fifth Third in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, FIFTH THIRD BANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, U.S. Bank N.A. (Negligent)

136.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

137.   US Bank furnished inaccurate account information to Equifax and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

138.   After receiving Plaintiff's disputes, US Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

139.   Plaintiff provided all the relevant information and documents necessary for US Bank to have identified that the account was fraudulent.

140.   US Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to US Bank by Plaintiff in connection with his

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

141.   US Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

142.   As a direct result of this conduct, action, and/or inaction of US Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

143.   The conduct, action, and inaction of US Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

144.   Plaintiff is entitled to recover costs and attorney's fees from US Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual damages against Defendant, U.S. BANK N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, U.S. Bank N.A. (Willful)**

145.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-nine (49) above as if fully stated herein.

146.   US Bank furnished inaccurate account information to Equifax and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

147.   After receiving Plaintiff's disputes, US Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

148.   Plaintiff provided all the relevant information and documents necessary for US Bank to have identified that the account was fraudulent.

149.   US Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to US Bank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

150.   US Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

151.   As a direct result of this conduct, action, and/or inaction of US Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

152.   The conduct, action, and inaction of US Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

153.   Plaintiff is entitled to recover costs and attorney's fees from US Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award actual or statutory damages and punitive

damages against Defendant, U.S. BANK N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CARLOS JUNIOR GOMEZ CUMARE, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, FIFTH THIRD BANK, N.A., and U.S. BANK N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 4th day of July 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC

501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*